{¶ 21} I respectfully dissent. As we are to give deference to the trial court's determination of competency, I cannot say the trial court clearly abused its discretion. Although the trial court could have conducted a more extensive voir dire, T.V. specifically stated on the record that she knew the difference between real and make-believe and she would testify as to what really happened and not make-believe.
 {¶ 22} Moreover, the reason we give deference to a trial court's determination of competency is because the trial judge is in the best position to determine whether a child is "capable of receiving just impressions of facts and events and to accurately relate them." State v.Krzywkowski, 8th Dist. No. 80392, 2002-Ohio-4438, at ¶ 94. "It is very difficult to ascertain the way *** was responding via a written transcript. The demeanor and attitude of the child can only be judged by the individuals who were present." State v. Snell, 5th Dist. Nos. 2002CA00181 and 2002CA00190, 2003-Ohio-975, at ¶ 63. I would affirm.